Bergan, J.
(dissenting). The statutory standard in New York for the issuance of the certificate of a certified public accountant is based on a long and comprehensive examination with a background of full high school and college courses and three years of diversified accounting experience.
A statutory amendment (L. 1947, ch. 340) permitted the Education Department to issue certificates “ in lieu of the requirements as to education and examination,” where the applicant was forty years old and gave evidence of fifteen years’ experience in intensive application of accountancy principles and auditing procedures satisfactory to the State Board of Certified Public Accountant Examiners subject to review by the Commissioner of Education.
This statute was one of permissive waiver. The department ‘ ‘ may accept ’ ’ the stated experience instead of an examination and formal education. These are not mandatory directions to the department; they are minimal conditions upon which the permissive power could be based.
The permission could be accompanied by any higher standards which the department considered necessary to prevent breaking through the high level of competency and responsibility attaching to this profession in New York. It was upon assurance of the Department of Education that the permissive powers granted would be so exercised that the Governor approved this statute. (See memorandum of approval, L. 1947, ch. 340; McKinney’s Education Law, Book 16, part 2, p. 491.)
It is well within the scope of this discretionary power to decline to exercise it unless the applicant has fifteen years of public accounting experience. The condition is entirely reasonable, and the approval on review by the commissioner of the determination of the board of examiners on this ground alone presents no justiciable question.
The discretion is not given to the court; it is given to the department and certainly the favorable exercise of its permissive power cannot be compelled because an applicant may show he has met the minimum standard set up by the statute.
Besides this, the statute vests in the board of examiners the power to determine whether the experience offered in lieu of the usual standard is “ satisfactory The board was not satisfied with petitioner’s qualifications. This was within the frame of the board’s powers and nothing in the papers presented to the *260 Special Term by the petitioner gives any suggestion that in his case he showed the board that his qualifications were such that the board must have accepted them or that the court could require the board to accept them.
On the review by the Commissioner of Education, the appeal was dismissed. Even if it be assumed that the reasons given by the commissioner in dismissing the appeal were untenable or insufficient, if the departmental determination which he considered on appeal to him was well grounded, the dismissal of the appeal was proper whether the reasons stated were right or wrong. This is the view commonly taken by courts of appeals from judicial decisions. But, as it has been seen, the reasons given by the commissioner were well within the power of the department.
The order should be reversed and the determination of the Commissioner of Education confirmed.
Brewster and Deyo, JJ., concur with Santry, J.; Bergan, J., dissents, in a memorandum, in which Heefernan, J. P., concurs.
Order affirmed, with $10 costs.